```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

IN RE: FRANCISCO JAVIER LAZARDI,    {   CHAPTER 13
                                    {
                                    {
      DEBTOR                        {   CASE NO. A23-54348-SMS
                                    {
                                    {   JUDGE SIGLER
```

**OBJECTION TO CONFIRMATION**

     COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

     1.  As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

     2.  The Debtor has proposed to make payments directly to the Trustee but should be required to have them remitted by payroll deduction.

     3.  The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor provide the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

     4.  The Chapter 13 Plan fails to provide the correct claim amount for the claim of Chase Auto Finance, preventing the Trustee from properly administering this plan.

     5.  The Chapter 13 Plan fails to provide the correct creditor name for the claim of Acura Financial Services, preventing the Trustee from properly administering this plan.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

6. The Chapter 13 plan proposes to fund a debt owed to Fifth Third Bank, direct, in violation of 11 U.S.C. Section 1322(a)(3) and 11 U.S.C. Section 1325(a)(3).

7. The proposed composition plan provides for the funding of a boat, a secured debt that may be excessive and unnecessary for the support of Debtor or Debtor's dependents, thereby indicating a lack of good faith, in violation of 11 U.S.C. Section 1325(a)(3).

8. The proposed Chapter 13 budget contains expenses that appear to be excessive and/or unnecessary for the support and maintenance of the Debtor(s) and Debtor's dependents while proposing a composition plan, in violation of 11 U.S.C. §§ 1325(b)(1)(B) and 1325(a)(3).

9. The Chapter 13 petition and schedules fail to disclose a 401(k)account and stock, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

10. The Chapter 13 plan and/or budget may fail to provide for the treatment/funding of Debtor's 401(k)loan, 11 U.S.C. Section 1326.

11. Debtor testified that he does not have a 401(k) account or own stock.  The Trustee requests an Affidavit or an Unsworn Declaration from Debtor explaining earnings and deductions for Restricted Stock Units and the 401(k)loan listed on his pay advices, which appear contrary to his testimony.

12. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).  Specifically, question 4 omits non-filing spouse's income; question 16 omits the credit counseling fee and the attorney fee paid amount conflicts with the Attorney Disclosure.

13. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.  Specifically, line 1 conflicts with the plan; the amount allowed if the case is converted or dismissed prior to confirmation is omitted.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

14. The Form 122C-1 filed in this case fails to disclose all of the Debtor's income in the six months preceding the filing of this case.

15. The Form 122C-2 appears to claim an incorrect amount for line items 33d and 36.

16. The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors, as required by 11 U.S.C. § 1325(b)(1)(B). Specifically, the Form 122C-2 Form reflects disposable income of $155.35, thus necessitating an unsecured pool of $9,321.00.

17. The proposed plan fails to provide for the treatment of Wells Fargo Bank, N.A. However, said creditor has filed a secured arrearage claim.

18. The proposed plan fails to provide for the treatment of JPMorgan Chase Bank, N.A. However, said creditor has filed a secured claim.

19. Schedule H fails to provide complete Co-Debtor information for the debt owed to JPMorgan Chase Bank, N.A.

20. The payout of the claims owed to Acura Financial Services and Chase Auto Finance will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

21. Schedule A/B fails to accurately reflect the fair market value of and/or debt load on the Debtor's real property.

22. The Chapter 13 Trustee requests that the Debtor provide additional documentation to support the valuation of the real property disclosed on Schedule A/B. Specifically, Schedule A/B, Sections 1.1 and 1.2.

23. The Trustee requests proof of all post-petition mortgage payments prior to the confirmation date in order to determine feasibility pursuant to 11 U.S.C. § 1325(a)(6).

24. The Debtor's Schedule I fails to accurately reflect rental income, thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan, in violation of 11 U.S.C. Section 11 U.S.C. Section 1325 (a)(6).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

25.   The Debtor's budget fails to include expenses for property tax; thereby, rendering the proposed Chapter 13 plan payment infeasible, in violation of 11 U.S.C. Section 1325(a)(6). Specifically, for real property listed on Schedule A/B, Section 1.2.

26.   The Chapter 13 budget fails to include expenses for insurance and homeowner's association dues for real property listed on Schedule A/B, Section 1.2; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

27.   The Debtor may have failed to provide adequate notice to homeowner's association creditors, in violation of 11 U.S.C. § 342.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

                                            _____/s/_____
                                            Deborah A. Reece, Attorney
                                            for Chapter 13 Trustee
                                            GA Bar No. 283016

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

A23-54348-SMS

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

FRANCISCO JAVIER LAZARDI
130 FAIR VIEW CIRCLE
ROSWELL, GA 30075

This 20th day of June, 2023

_____/s/_____
Deborah A. Reece, Attorney for
Chapter 13 Trustee
GA Bar No. 283016

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com